IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| HILARIA GRIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:17-CV-06048-DGK |
| | ) | |
| AKAL SECURITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DETERMINING COSTS

This action arises out of Plaintiff Hilaria Grigsby's employment with Defendant AKAL Security, Inc. ("AKAL"). The Court granted AKAL's motion for summary judgment that Grigsby's claims failed as a matter of law (Doc. 49). Now before the Court is AKAL's Bill of Costs seeking $4,237.45 (Doc. 51). Plaintiff filed objections (Doc. 52), and Defendant replied (Doc. 53). For the following reasons, the Court awards AKAL $2,247.95 in costs.

**Standard**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But, the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The prevailing party bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some

other authority. *Garrison v. DolgenCorp, LLC*, No. 4:16-CV-00349-DGK, 2018 WL 505094, at *1 (W.D. Mo. Jan. 22, 2018).

The court's power to tax costs under § 1920 is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Costs" are construed narrowly under the statute. The Supreme Court has cautioned that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* Section 1920 identifies six expenses that may be taxed as costs. Two of these are applicable to the present case: (1) "Fees of the clerk and marshal;" and (2) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920.

## Discussion

Plaintiff complains of two of submitted costs, $400 for fees to the Clerk or Court and $1,589.50 for the videography of Plaintiff's deposition. AKAL's reply states it is no longer seeking these costs. Accordingly, Plaintiff's objections are sustained.

Turning to AKAL's other costs, which are for deposition transcripts. In determining whether the cost of a deposition is compensable under § 1920, the relevant question is not whether the deposition was used at trial but whether it "reasonably seemed necessary at the time [it] w[as] taken." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997).

AKAL seeks $456.10 and $154.40 for deposition transcripts of three of its employees and $1,637.45 for a stenographic transcript of Plaintiff's deposition. The Court finds that it appears from the record that these deposition transcripts were reasonably necessary at the time they were taken. Accordingly, these costs are compensable.

**Conclusion**

Based on the foregoing reasons, the Court awards AKAL $2,247.95 in costs: (1) $456.10 for deposition transcripts of David Welliver and Jacob Sledd; (2) $154.40 for the deposition transcript of Gabriel Murphy; and (3) $1,637.45 for the deposition transcript of Plaintiff.

**IT IS SO ORDERED.**

Date: July 25, 2018                          /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT